599 So.2d 511 (1992)
Richard BORDELON, Individually & on Behalf of His Minor Child, Brandy Bordelon, Plaintiff-Appellee,
v.
PELICAN STATE MUTUAL INSURANCE COMPANY, et al., Defendant-Appellant.
No. 90-1283.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*512 Darrel Ryland, J.B. Treuting, Marksville, for plaintiff/appellee.
Michael Davis, Alexandria, for defendant/appellant.
Aucoin, Unland & Eppling, Thomas J. Eppling, Metairie, for Pelican.
Before YELVERTON and KNOLL, JJ., and MARCANTEL, J. Pro Tem.[*]
KNOLL, Judge.
Shelby Charrier, the owner of the Seafood Outlet, a combination restaurant and raw fish market, appeals an adverse judgment, finding him liable for personal injuries suffered by Brandy Bordelon, a child 6 years of age who was visiting the Seafood Outlet with her parents. The trial judge found Charrier was liable for allowing Brandy to continue jumping from a porch which was under construction at the rear of his store.
Charrier contends on appeal that the trial judge erred in: (1) finding that the porch created an unreasonable risk of harm; (2) failing to recognize that Brandy's parents had a duty to supervise her; and, (3) denying his third-party demand for attorney's fees against Jerry and Shirley Dunn, the insurance agents who neglected to secure a business owner's liability policy for Charrier.

FACTS
The learned trial judge fully set forth the facts of this case which we adopt as our own as follows:
"On the late afternoon of August 26, 1988, Richard Bordelon, plaintiff herein, decided to visit his son Brian, who was working at the Seafood Outlet, a combination restaurant and raw fish market on N. MacArthur Drive in Alexandria. Richard Bordelon, accompanied by wife Arlene and daughter Brandy, arrived at the Seafood Outlet and were greeted by the proprietors, Shelby and Barbara Charrier. Shelby Charrier wished to show Richard Bordelon the rear porch that was being constructed. He ushered the adults to the rear porch to view the progress of the porch construction. The porch was substantially complete save for a guard rail.
Arlene Bordelon testified at the trial on this matter on May 2, 1990, that the children remained in the front of the store for awhile but later came to the rear porch where the adults were. Evidence *513 of subsequent events leading up to the accident was scant. The accident victim, Brandy Bordelon, was six years old at the time and testified that she could not recall what had happened. The daughter of the proprietors, Shelbalene Charrier, did testify, however, that she, Brandy and another child were playing a game of hide and seek which involved jumping off the porch. In fact, Brandy had jumped off the porch several times before she fell and broke her arm, elbow and medial condyle (middle knuckle) of her hand. Her treating physician, Dr. C.J. Rich, reset her hand, hospitalized her overnight and even today remains suspicious of growth plates damage."

CHARRIER'S LIABILITY
Charrier contends that the trial judge erred in premising liability on a determination that the porch was defective to a child six years of age.
An owner of a business who permits the public to enter his establishment has a duty to exercise reasonable care to protect those who do enter. Rodriguez v. New Orleans Public Serv., Inc., 400 So.2d 884 (La.1981). This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. Id. When the presence of young children is expected, the duty increases. Watts v. Town of Homer, 301 So.2d 729 (La.App. 2nd Cir.1974), writ denied, 305 So.2d 130 (La.1974).
A person who undertakes the control and supervision of a child has the duty to use reasonable care to protect the child from injury. Such a person is not the insurer of the safety of the child, but is required to use reasonable care commensurate with the reasonably foreseeable risk of harm. Gayden v. George, 513 So.2d 515 (La.App. 2nd Cir.1987).
Considering the trial court's better position to evaluate credibility and weigh the evidence, a reviewing court should adopt the trial judge's findings as its own unless they are clearly wrong, even if other conclusions from the same evidence are equally reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the case sub judice, the trial judge stated in his written reasons for judgment:
"Plaintiffs have proven that the rear porch was in the custody of the defendant Shelby Charrier. While the porch was missing a railing and cannot be said to be per se defective to reasonably prudent persons of suitable age and discretion, such a conclusion is not applicable to children of tender years. Brandy Bordelon was only six years old at the time of the accident. The Court is convinced that the lack of a railing created an unreasonable risk of harm to Brandy and that her broken arm, elbow or hand was a direct result of this defective condition.
* * * * * *
Nothing in the record shows that young Brandy Bordelon had any prior experience, knowledge or familiarity with the premises of the Seafood Outlet.
* * * * * *
Brandy was six years old at the time of the accident and was therefore incapable of negligence. Children up to seven years old are considered as being incapable of contributory negligence absent a showing of extraordinary conditions. Jackson v. Jones, [224 La. 403] 69 So.2d 729 (La.1954).
As the premises owner, Shelby Charrier owed a higher duty of care to young Brandy Bordelon than to his adult invitees. He had the duty to both caution the child and to terminate the potentially dangerous activity. His breach of this duty in doing neither was a cause in fact of the injuries Brandy sustained. As owner of the building, he had a nondelegable duty to keep it and its appurtenances in a safe condition so as to avoid an unreasonable risk of harm to others particularly children."
Considering the record evidence, we cannot say that the trial court was clearly wrong in its assessment of liability. Charrier invited the Bordelons to view the construction, and he was better acquainted with the dangers that may have been *514 presented in the area. Based on the nondelegable legal duty imposed upon Charrier as business owner, we cannot say that the trial court erred in holding that the failure of Brandy's parents to halt her play did not exculpate Charrier from liability under the facts presented herein. Charrier's older daughter was participating in the activities with Brandy, and as store owner Charrier had a duty to tell the children to stop their game in this area of construction. Therefore, we find no merit in Charrier's contention that the trial court was manifestly erroneous in finding him liable for Brandy's injuries.

ATTORNEY'S FEES
Charrier contends that the trial court erred in failing to award him attorney's fees in his third-party demand against Jerry and Shirley Dunn for their failure to timely secure liability coverage for Charrier's business premises.
Although the jurisprudence is replete with cases which award damages for the failure to procure insurance, our research has not found an instance where attorney's fees were recovered. We have examined the two cases relied upon by Charrier, and find that neither one supports his entitlement to an award for attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Charrier.
AFFIRMED.
NOTES
[*] Judge Bernard N. Marcantel, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.