On Application for Rehearing

HOUSTON, Justice.
The original opinion released on July 30, 1993, is withdrawn and the following opinion is substituted therefor.
The plaintiff, Lewis E. Kirk, appeals from a summary judgment for the defendants, Bill Klements and Bruce Mank, in this action to recover damages for personal injury under Ala.Code 1975, § 25 — 5—11(c)(2) (part of the Alabama Workers’ Compensation Act). We affirm.
Our standard of review in this ease is well settled and has been stated many times. The summary judgment was proper if there was no genuine issue of material fact and the defendants were entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The burden was on the defendants to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law. If they made that showing, then the burden shifted to Kirk to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, this Court must view the evidence in the light most favorable to Kirk and must resolve all reasonable doubts against the defendants. Wakefield v. State Farm Mutual Automobile Ins. Co., 572 So.2d 1220 (Ala.1990). Because this action was not pending on June 11, 1987, the applicable standard of review is the “substantial evidence” rule. Ala.Code 1975, § 12-21-12. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence, viewed in the light most favorable to Kirk, shows the following: While an employee of Plaxicon, Inc., Kirk had three of the fingers on his right hand cut off while he was operating a machine used to grind plastic. Kirk was injured when he inadvertently inserted his hand into a “blower unit” attached to that machine. This unit, which removed excess dust generated by the grinding process, was equipped with a wire mesh guard to shield a worker’s hand from the fan blades located inside and, thus, to prevent the kind of injury Kirk sustained. Kirk was injured when his hand slipped through a gap in the wire mesh. The “blower unit” was manufactured by Premier Pneumatics, Inc., without a safety guard. Plaxicon purchased the “blower unit” through Walton-Stout, Inc.; Walton-Stout designed and made the wire mesh guard for Plaxicon.
Kirk sued two of his supervisors, Kle-ments and Mank,[1] seeking damages under § 25-5-ll(e)(2), which provides a cause of action for injuries arising out of the willful removal from a machine of a safety guard or a safety device provided by the manufacturer of the machine. Kirk maintained that Kle-ments and Mank were responsible for the defect in the wire mesh. He specifically alleged that Klements and Mank had willfully caused, allowed, or directed “the removal” of a safety guard or device. The trial court *582 entered a summary judgment for Elements and Mank, and this appeal followed.
After carefully reviewing the record, we conclude, in accordance with our applicable standard of review, that the summary judgment was proper. Elements and Mank testified by deposition in support of their summary judgment motion that they were not responsible for the defect in the wire mesh. Thus, the record shows that Elements and Mank made the necessary prima facie showing of nonliability, so as to shift to Eirk the burden of going forward with the evidence. Eirk conceded that he did not know what or who caused the gap in the wire mesh, and there is no evidence in the record tending to show that Elements and Mank were in any way responsible for it. In short, Eirk failed to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him.
Based on the foregoing, the summary judgment for Elements and Mank is affirmed.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur.

. Mank, who was a “production superintendent,” was responsible for scheduling, coordinating production, and supervising quality control procedures. Klements was responsible for the general supervision and maintenance of the machinery and equipment in Plaxicon's plant.