HOUSTON, Justice.
Chad Spivey appeals from a summary judgment for Bob Youngblood Cars, Inc. (“Youngblood”), on Spivey’s claim alleging breach of contract.[1] We affirm.
In December 1991, Spivey made an oral at-will employment contract with Youngblood. By the terms of that contract, Spivey would manage and operate one of Youngblood’s used automobile sales lots and would be responsible for the costs of running the lot. In return, Youngblood would make a monthly accounting and divide the month’s profits equally with Spivey. In April 1992, the parties signed a written agreement that had been prepared by Spivey.
Youngblood also provided in-house financing for Spivey’s customers. The fact that a car was financed meant that the full purchase price of the car would not be available for the monthly accounting between Spivey and Youngblood. At the time for the accounting, Youngblood would not yet have received the money from the customer and therefore could not be sure of the profit, if any, that would eventually accrue.
In July 1992, a dispute arose and Young-blood and Spivey terminated the contract. Spivey claimed that he was still entitled to an accounting of the future profits from sales he had made while operating the lot. Young-blood, however, pointed out that Spivey was now unable to fulfill his part of the agreement by, e.g., paying the overhead expenses of running the lot or disposing of repossessions as he was required to do under the contract. Therefore, Youngblood argued, there was no obligation for Youngblood to continue to pay Spivey. Youngblood further argued that Spivey could not prove he had suffered any loss because of the termination of the at-will contract, and, therefore, that Spivey could not recover any damages and that a summary judgment would be appropriate.
*8 The contract, which was drafted by Spivey, provided, “All cars that are Financed In-house, the profit will be split after the car has been paid for by the customer.” Whether a contract is ambiguous is a question of law, to be determined by the court. Cherokee Farms, Inc. v. Fireman’s Fund Insurance Co., 526 So.2d 871 (Ala.1988); P & S Business, Inc. v. South Central Bell Telephone Co., 466 So.2d 928 (Ala.1985). The language of the contract is plain and its meaning is apparent. Therefore, the trial court correctly determined that this contract is not ambiguous.
Spivey admitted in his deposition that although he assumed that there would be a profit on the cars sold, it was “very equally possible” that there would be a loss. He also admitted that there was no way to predict what additional expenses, e.g., repossession costs, might be incurred if a customer failed to pay. Youngblood therefore argued that Spivey could produce no evidence to show that he, Spivey, was entitled to damages, and that any claim for damages would be mere speculation.
Once Youngblood made a prima facie showing that Spivey was not entitled to damages, the burden shifted to Spivey to present substantial evidence creating a genuine issue of material fact. Kirk v. Elements, 628 So.2d 580, 581 (Ala.1993). In his response to Youngblood’s motion for summary judgment, Spivey stated only that “[t]he Plaintiff calculates his share of the profit on these items to be in excess of $48,000.00.” Even in his motion to alter, amend, or vacate the judgment, Spivey asked the trial court to “assume all payments had been made by the purchasers.” In order to recover damages, a plaintiff must present evidence of an actual loss, for damages are not a matter merely of conjecture.
Because the cars were financed in house, as of the time of the sale the price of the car had yet to be paid. The contract specifically stated that the profit, if any, would be split after the ear had been paid for. There was no way for Spivey to prove, without speculation, the damages to which he would be entitled. Nor was there any evidence to show that Spivey had suffered any actual loss because of the termination of the at-will employment contract. Therefore, we affirm the summary judgment for Bob Youngblood Cars, Inc.
AFFIRMED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.

. The nial court also entered a summary judgment for Youngblood on its counterclaim; however, Spivey did not appeal from that judgment.