ERVIN, Judge.
We reverse the trial court’s denial of Turpin’s motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Although Turpin pled guilty to armed burglary and agreed to a prison sentence with a mandatory three-year minimum for use of a firearm, this did not constitute an admission that he was in actual possession of a firearm. Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991). A defendant must actually possess the firearm during the crime to be subject to the minimum mandatory. Earnest v. State, 351 So.2d 957 (Fla.1977). The trial court did not inquire at the plea hearing whether there was a factual basis for imposing the minimum mandatory.
In his post-conviction motion, Turpin alleged that he was prejudiced by the trial court’s omission, in that his co-defendant allegedly prepared an affidavit stating that he, and not Turpin, possessed the only firearm used during the robbery. Accordingly, Turpin has raised a prima facie ground for relief. Nowlin v. State, 639 So.2d 1050 (Fla. 1st DCA 1994).
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and WOLF, JJ., concur.