700 So.2d 1117 (1997)
Wilene GORDON
v.
STATE FARM INSURANCE COMPANY, et al.
No. 97-CA-270.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
*1118 Mark D. Plaisance, Baker, Dr. Edward A. Robinson, III, Baton Rouge, for Plaintiff/Appellant.
Raul R. Bencomo, Bencomo & Associates, New Orleans, for Defendant/Appellee.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD Judge.
Plaintiff, Wilene Gordon, appeals a judgment of the trial court dismissing her claim for injuries received in an automobile accident made against defendant, State Farm Mutual Automobile Insurance Company (State Farm). For reasons that follow we affirm.
The record shows that Mrs. Gordon was driving from her home in Amite, Louisiana to the New Orleans International Airport on the morning of October 4, 1993. Her husband, Bishop Willy K. Gordon, Sr., was a passenger in the couple's 1990 Lincoln Town Car as they traveled to New Orleans along I-10 East. As Mrs. Gordon exited I-10 at Williams Boulevard, she was unable to negotiate a right turn onto Williams. She crossed over both lanes of traffic on Williams and hit a concrete bridge rail on the far side of the boulevard. Immediately after hitting the guard rail, the Gordons' vehicle was struck from the rear by a 1992 Ford Pickup Truck driven by William Rexford.
Mrs. Gordon filed suit against Mr. Rexford, his employer and his insurance company, as well as, Mr. Gordon's insurer, State Farm. The claims against Mr. Rexford, his employer, and his insurance company were settled, and those defendants were dismissed from the suit. Mrs. Gordon proceeded to a trial on the merits for her physical injuries against the only remaining defendant, State Farm.[1]
In her claim against State Farm, Mrs. Gordon alleged that her husband was strictly liable for the accident by failing to properly maintain the brakes on the car. She asserts that, although the automobile was community property, it was owned and primarily driven by Mr. Gordon. Mrs. Gordon maintains that State Farm is liable as her husband's insurer because the automobile was under Mr. Gordon's custody and garde. At the close of plaintiff's case, State Farm moved for and was granted an involuntary dismissal. Plaintiff appeals that judgment.
LSA-C.C.P. art. 1672 provides:
A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may *1119 decline to render any judgment until the close of all the evidence.
When a motion for dismissal at the close of the plaintiff's evidence is made, the trial court should apply the preponderance of evidence standard in weighing and evaluating the evidence. Proof by a preponderance of the evidence means that, taking the evidence as a whole, such proof shows that a fact sought to be proved is more probable than not. Brown v. Bowler, 94-667(La.App. 5 Cir. 5/10/95), 659 So.2d 799. Under article 1672, the trial judge may grant a motion for involuntary dismissal when the plaintiff has failed to show a right to relief. Yoes v. Shell Oil Co., 95-12 (La.App. 5 Cir. 5/10/95), 657 So.2d 241, writ denied 95-2087 (La.11/17/95), 663 So.2d 714. In non-jury trials, the appropriate standard for the trial court's determination of a motion to dismiss pursuant to art. 1672(B) is whether the plaintiff has presented sufficient evidence to establish his claim by a preponderance of the evidence. Our review of the trial court's determination is based on the manifest error standard. 2304 Manhattan Blvd. v. Power & Light Co., 94-192 (La.App. 5 Cir. 9/14/94), 643 So.2d 1282.
To maintain an action in strict liability under LSA-C.C. art. 2317, a plaintiff must show that he was injured by a thing which was in the custody or garde of the defendant, and that such thing had a vice or defect which resulted in the injury. Genusa v. B. & B. Steel Metal & Roofing, 95-318 (La.App. 5 Cir. 10/18/95), 663 So.2d 788; writ den. 95-2718 (La.1/26/96), 666 So.2d 672. A wife who is injured by her husband's negligence may not sue him personally; however, she may sue his liability insurer under LSA-R.S. 22:655. Myers v. Ford Motor Co., 486 So.2d 1030 (La.App. 2 Cir.1986). To recover from her husband's insurer, Mrs. Gordon must prove that the brakes on the Lincoln Town Car were defective; that her injuries were caused by the brake failure; and that her husband had custody of the car.
Because a review of the record before us shows that Mrs. Gordon has failed to prove a defect in the car as required for the imposition of strict liability, we pretermit discussion of the remaining issues. As previously stated, Mrs. Gordon alleged that she lost control of the vehicle because the brakes failed. The only evidence to show that the brakes were defective was Mrs. Gordon's testimony. She testified at trial that she drove from the family home in Amite to the site of the accident in Kenner without mishap. However, when she attempted to slow the speed of the car as she exited I-10, the brakes would not work. Her husband testified that she said "what's wrong with this thing" just before hitting the bridge rail. The police officer who investigated the accident testified that he was unable to test the brakes because of the condition of the automobile after the accident. Plaintiff made no examination of the brake system on the car subsequent to the accident, and offered no expert testimony to corroborate her theory that the brakes failed.
This is not the type of accident from which a defect can be inferred solely from the fact that the accident occurred. Proof of the defect must be shown by a preponderance of the evidence. Brown v. Bowler, supra.
In Louisiana, a plaintiff's failure to produce the car as evidence leads to the presumption that the production of the car would have been detrimental to the litigant's case. This presumption is not applicable where the failure to produce the evidence is explained. Babineaux v. Black, 396 So.2d 584 (La.App. 3d Cir.1981); Bourgeois v. Bill Watson's Investments, Inc., 458 So.2d 167, 172 (La.App. 5 Cir.1984). Mrs. Gordon attempts to overcome the presumption and the lack of corroborating evidence by arguing that State Farm destroyed the automobile before testing could be done. The trial court considered and rejected that argument, refusing to penalize State Farm for spoliation of evidence because the insurer introduced into evidence a letter written to plaintiff's attorney on August 8, 1995. That letter provided plaintiff's attorney with the location and telephone number of the salvage yard in which the car was held. Testimony offered at trial made it clear that arrangements for expert examination of the car would have been made at plaintiff's request. *1120 It was for that reason the trial court granted the involuntary dismissal.
We find no error in the trial court's ruling. Imposition of liability under the theory of spoliation of evidence is inappropriate when the record reveals no intentional destruction of evidence for the purpose of depriving the opposing party of its use. Randolph v. General Motors Corp., 93-1983 (La. App. 1 Cir. 11/10/94), 646 So.2d 1019; writ denied 95-0194 (La.3/17/95), 651 So.2d 176.
Under the circumstances of this case, we find that the plaintiff did not meet her burden of proving, by a preponderance of the evidence, that the brakes on the vehicle in question were defective. See, Chapman v. Gulf Ins. Co., 425 So.2d 277 (La.App. 3 Cir. 1982), writ denied, 432 So.2d 268 (La.1983). Consequently, the trial court was correct in granting the involuntary dismissal.
AFFIRMED.
NOTES
[1] The property damage claim for the Lincoln Town Car made against State Farm was previously settled.