814 So.2d 116 (2002)
Nancy and Noland McCOOL
v.
BEAUREGARD MEMORIAL HOSPITAL.
No. 01-1670.
Court of Appeal of Louisiana, Third Circuit.
April 3, 2002.
*117 Jay A. Pucheu, Attorney at Law, Marksville, LA, for Plaintiffs/Appellants: Nancy McCool and Noland McCool.
P. Chauvin Wilkinson, Jr., Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for Defendant/Appellee: Beauregard Memorial Hospital.
Court composed of JOHN D. SAUNDERS, GLENN B. GREMILLION and ELIZABETH A. PICKETT, Judges.
*118 PICKETT, J.

FACTS
Nancy McCool was injured in the course and scope of her employment at Beauregard Memorial Hospital on February 12, 2000, when she fell from a stool, alleged to be defective and owned by the hospital. Mrs. McCool is alleged to have been injured in the fall. The McCools filed suit against the hospital in district court, claiming that the intentional act exclusion to the Workers' Compensation Act applied. She specifically pled two distinct causes of action: 1) the hospital committed an intentional tort as it knew or should have known that someone who sat on the stool may be injured, and 2) an employee of the hospital destroyed the chair in question, depriving her of a cause of action against the manufacturer of the chair and impairing her cause of action against the hospital.
The hospital filed an Exception of Lack of Subject Matter Jurisdiction and an Exception of No Cause of Action. These exceptions were overruled by the trial court. The parties conducted discovery. Ultimately, the hospital filed a Motion for Summary Judgment. A hearing on the motion was held. The trial court granted the summary judgment, dismissing the McCools' claims. It is from this ruling the plaintiff's appeal.

ASSIGNMENTS OF ERROR
The appellants set forth two assignments of error:
1. The trial court committed manifest error in granting the Motion for Summary Judgment as it applies to the issue of spoliation, and,
2. The trial court committed manifest error in granting the Motion for Summary Judgment on the issue of the intentional act exclusions.

DISCUSSION
On review of a summary judgment, the appellate court considers the matter de novo. Doerr v. Mobil Oil Corp., 00-947 (La.12/19/00); 774 So.2d 119. Further, the reviewing court "asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law." Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94); 639 So.2d 730, 750.
In the first assignment of error, the appellants argue the trial court erred in granting summary judgment as to the claim of spoliation.
The stool from which Mrs. McCool fell was thrown away by the hospital. Two days after the incident at issue, Elaine Nixon, a hospital employee, put the stool in the janitor's closet. She explained that she knew the stool would be thrown away, but she disposed of the stool for safety reasons. She specifically stated she did not intend to deprive Mrs. McCool of a cause of action and had not been instructed by anyone to dispose of the stool, though several nurses suggested that she do so.
This court has recognized the right of an individual to institute a tort action against someone who has impaired the party's ability to institute or prove a civil claim due to negligent or intentional spoliation of evidence. See Guillory v. Dillard's Dept. Store, Inc., 00-190 (La.App. 3 Cir. 10/12/00); 777 So.2d 1. After reviewing the record as a whole, we find the plaintiff failed to establish the hospital acted intentionally in order to impair her ability to proceed. Further, we do not find the appellee acted negligently.
*119 In order to establish negligence, the appellant must first establish that the hospital had a duty as a matter of law to preserve the evidence and that there was a breach of that duty. See Hardy v. Bowie, 98-2821 (La.9/8/99); 744 So.2d 606. We find no duty on the part of the hospital to preserve the evidence at issue, the faulty stool. As no duty existed, it is not possible to establish the hospital acted in a negligent manner in discarding the stool.
Because we find no showing has been made by the appellant that the hospital acted in either a negligent or intentional manner by discarding the stool, we find summary judgment to be appropriate as it relates to the spoliation issue.
In the second assignment of error, the appellants argue the trial court erred in granting summary judgment in favor of the hospital on the issue of the intentional act exclusion. Ordinarily, an employee's exclusive remedy against her employer is in workers' compensation. La.R.S. 23:1032(A). However, La.R.S. 23:1032(B) provides an exception to the general rule, stating:
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The supreme court has held that "intentional act" as used in the statute means the same thing as intentional tort. "The meaning of `intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result." Bazley v. Tortorich, 397 So.2d 475, 481 (La.1981).
In the instant case, the appellants argue the hospital knew the stool was in poor condition and substantially certain to cause injury. The appellants have failed to produce evidence to substantiate this claim. They have established that the nurses on the floor knew the stool was wobbly. They have not established there was knowledge of a dangerous condition or that the hospital knew it was substantially certain someone would be injured by the stool. Accordingly, we find no genuine issue of material fact before us. The appellee was entitled to judgment as a matter of law on the intentional tort issue. We find no error on the part of the trial court.
The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants.
AFFIRMED.