STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-44


AQUILINE ARNOLD

VERSUS

BROOKSHIRE GROCERY COMPANY, ET AL


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 109982-F
HONORABLE EDWARD LEONARD  JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Charles J. Foret
Briney & Foret
P. O. Drawer 51367
Lafayette, LA 70505
Counsel for Defendant/Appellee:
     Brookshire Grocery Company

Michael L. Barras
Galloway Jefcoat, LLP
P. O. Box 61550
Lafayette, LA 70596-1550
(337) 984-8020
Counsel for Plaintiff/Appellant:
     Aquiline Arnold

**PICKETT, J.**

The plaintiff, Aquiline Arnold, appeals a judgment of the trial court dismissing her suit against the defendant, Brookshire Grocery Company (d/b/a Super One Foods and hereinafter referred to as Brookshire's), with prejudice, at her costs. We affirm the judgment of the trial court.

## FACTS

This case arises out of a slip and fall which happened at the Brookshire's store in New Iberia on June 21, 2006. The plaintiff filed suit on June 19, 2007, basing her claim on La.R.S. 9:2800.6 which covers actions causing injury, death, or loss "because of a fall due to a condition existing in or on a merchant's premises." In due course, on January 28, 2007, the defendant filed a motion for summary judgment. A hearing on the defendant's motion was set for March 14, 2008, but upon motion filed by the plaintiff was continued until May 30, 2008. Thereafter, on May 22, 2008, the plaintiff filed a supplemental and amending petition, which for the first time raised the issue of spoliation.

The defendant's motion for summary judgment was heard on May 30, 2008. A judgment sustaining the motion, dismissing the plaintiff's claims under La.R.S. 9:2800.6, was signed June 11, 2008, and a hearing on the claim of spoliation, raised by the plaintiff's supplemental and amending petition, was set for July 23, 2008.

Subsequently, the defendant filed an exception of no cause of action and requested a continuance of the July 23, 2008 hearing until August 28, 2008. The continuance was granted without opposition, and, following the August 28, 2008 hearing, the defendant's exception was sustained and the plaintiff's suit dismissed with prejudice at her costs. The plaintiff appeals.

1

**LAW AND DISCUSSION**

The plaintiff slipped and fell on a spot of broken egg(s) in an aisle of the defendant's store. There was an employee stocking the end cap of the aisle. He was notified and he called another employee, Maria Romero, to the scene of the accident. The plaintiff alleges that Ms. Romero's action of cleaning up the broken egg(s) on the floor before the Brookshire's manager arrived and photographed the scene constituted spoliation of the evidence. The trial judge found that Ms. Romero's actions "fail[ed] to state a cause of action for spoliation of evidence." We agree.

Spoliation constitutes "a tort action against someone who has impaired the party's ability to institute or prove a civil claim due to negligent or intentional [destruction] of evidence." *McCool v. Beauregard Mem'l Hosp.*, 01-1670, p. 2 (La.App. 3 Cir. 4/3/02), 814 So.2d 116, 118. Thus, in order to state a cause of action in spoliation one must demonstrate two elements: (1) the intentional or negligent destruction of evidence and (2) that the first element was for the purpose of depriving the plaintiff of its use. *See Kammerer v. Sewerage and Water Bd. of New Orleans*, 93-1232 (La.App. 4 Cir. 3/15/94), 633 So.2d 1357, *writ denied,* 94-0948 (La. 7/1/94), 639 So.2d 1163, citing *Williams v. Gen. Motors Corp.*, 607 So.2d 695 (La.App. 4th Cir.1992).

In the trial court's Reasons For Judgment And Judgment the court stated:

> In this case, there is no dispute that there was a broken egg(s) on the floor. The Summary Judgment was granted, not on the factual issue of the presence or non-presence of eggs, but rather on the issue of knowledge of the defendant and the temporal element required by law to make the defendant liable.

At least two of the defendant's employees saw the broken egg(s) on the floor.

The defendant did not contest the presence of the broken egg(s). Ms. Romero's

2

clean-up of the mess did not impair the plaintiff's cause of action under La.R.S. 9:2800.6. The following is well settled: "Imposition of liability under the theory of spoliation of evidence is inappropriate when the record reveals no intentional destruction of evidence for the purpose of depriving the opposing party of its use. *Randolph v. General Motors Corp.*, 93-1983 (La.App. 1 Cir. 11/10/94), 646 So.2d 1019; *writ denied*, 95-0194 (La.3/17/95), 651 So.2d 176." *Gordon v. State Farm Ins. Co.*, 97-270, p. 6 (La.App. 5 Cir. 9/30/97), 700 So.2d 1117, 1120.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff/appellant, Aquiline Arnold.

**AFFIRMED.**

3