NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1229

LEE JOHNSON

VERSUS

STINE, LLC
D/B/A STINE LUMBER
AND ACE HARDWARE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 86,258
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

W. Thomas Angers
Attorney at Law
P. O. Box 53502
Lafayette, LA 70505
(337) 233-3268
Counsel for Plaintiff/Appellant:
     Lee Johnson

**James R. Morris**
**The Morris Law Firm**
**2917 Ryan Street, Suite B**
**Lake Charles, LA 70601**
**(337) 990-0256**
**Counsel for Defendants/Appellees:**
      **Zurich American Insurance Company**
      **Stine, LLC**
      **Stine Lumber and Ace Hardware**

**DECUIR, Judge.**

The plaintiff, Lee Johnson, appeals the trial court's grant of summary judgment in favor of the defendant, Stine, LLC, d/b/a Stine Lumber and Ace Hardware (Stine) and its insurer, Zurich American Insurance Company. We affirm.

## FACTS

Johnson selected a rose bush which was displayed outdoors at Stine's place of business. A Stine employee carried the bush inside the store so Johnson could check out. When Johnson picked up the bush from the check-out counter, several wolf spiders left the plant. One of these bit Johnson's finger resulting in extreme swelling as well as slurred speech and memory loss. The spider was killed and placed in a plastic bag.

Johnson filed suit, and Stine filed a motion for summary judgment which was granted by the trial court. Johnson lodged an appeal. In an unpublished opinion, this court remanded the matter to the trial court for a hearing on a motion for new trial. *Johnson v. Stine,* 09-456 (La.App. 3 Cir. 5/4/09). On remand, the trial court denied Johnson's motion for new trial and this appeal was lodged alleging the trial court erred in granting the motion for summary judgment.

## DISCUSSION

An appellate court reviews summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

We note at the outset that counsel for Johnson argues vehemently on the issue of spoliation of evidence with regard to Stine's preservation of the spider that bit Johnson. While we understand the desire to replace duty risk analysis with the presumptions of negligence associated with spoliation, we find the doctrine inapplicable to this case. In *Arnold v. Brookshire Grocery Co.,* 09-44, p. 2 ( La.App. 3 Cir. 5/6/09), 10 So.3d 1279, 1280 (alteration in original) this court said:

> Spoliation constitutes "a tort action against someone who has impaired the party's ability to institute or prove a civil claim due to negligent or intentional [destruction] of evidence." *McCool v. Beauregard Mem'l Hosp.*, 01-1670, p. 2 (La.App. 3 Cir. 4/3/02), 814 So.2d 116, 118. Thus, in order to state a cause of action in spoliation one must demonstrate two elements: (1) the intentional or negligent destruction of evidence and (2) that the first element was for the purpose of depriving the plaintiff of its use. *See Kammerer v. Sewerage and Water Bd. of New Orleans*, 93-1232 (La.App. 4 Cir. 3/15/94), 633 So.2d 1357, *writ denied*, 94-0948 (La.7/1/94), 639 So.2d 1163, citing *Williams v. Gen. Motors Corp.*, 607 So.2d 695 (La.App. 4th Cir.1992).

In this case, it is clear that Stine did not intentionally destroy the spider. Johnson could argue however, that Stine's negligence in not storing the spider in alcohol led to the destruction of the evidence thereby meeting the first element of proof. However, we find no reasonable suggestion that Stine did anything to the spider with the intent to deprive Johnson of his suit. To the contrary, the very fact that Stine held onto the spider for more than two years rather than discarding it is sufficient for this court to conclude that Stine had no intent to deprive Johnson of his suit. Accordingly, we find no merit to Johnson's arguments regarding spoliation.

The duty of a merchant to those that use his premises is set forth in La.R.S. 9:2800.6, which provides in pertinent part as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to

2

keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 99-12, p. 12 (La.App. 3 Cir. 7/21/99), 738 So.2d 172, 181, this court noted:

The law is clear that the owner of a business who permits the public to enter his establishment has a duty to exercise reasonable care to protect those who do enter. This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. *Rodriguez v. New Orleans Pub. Serv., Inc.*, 400 So.2d 884 (La.1981); *Bordelon v. Pelican State Mut. Ins. Co.*, 599 So.2d 511 (La.App. 3 Cir.1992). The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. *Shelton v. Aetna Cas. & Sur. Co.*, 334 So.2d 406 (La.1976). Storekeepers and property owners are under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof. *Mumphrey v. Rollins*, 468 So.2d 580 (La.App. 3 Cir. 1985).

The seminal question then is whether Stine owed a duty to protect Johnson from the risk that he would be bitten by a migratory spider on one of its outdoor plants. We find this risk is outside the scope of Stine's duty. The trial court did not err in granting Stine's motion for summary judgment.

3

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Lee Johnson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.