LOLLEY, J.
1 tJames Aymond appeals the grant of summary judgment in favor of Allison and Tag Holley by the 8th Judicial District Court, Parish of Winn, State of Louisiana. For the following reasons, we affirm in part and reverse in part the trial court’s judgment.
Facts
This lawsuit arises out of a fire on November 5, 2007, which completely burned down the house of the appellant, James Aymond, located in Montgomery, Louisiana. Aymond filed a claim with his insurer, American National Property and Casualty Company (“ANPAC”), which denied coverage for his claim.[1] In doing so, AN-PAC gave two reasons:
1) Aymond’s alleged fraudulent submissions or misrepresentations after the fire as to the house’s contents; and
2) Aymond’s alleged misrepresentations in the original application for insurance regarding a previous bankruptcy and criminal conviction.
Allison and Tag Holley (the “Holleys”) were ANPAC’s agents from whom Ay-mond purchased the insurance policy.
When ANPAC denied Aymond’s claim, he filed suit against ANPAC and the Hol-leys. He also filed suit against ANPAC as the carrier for the Holleys’ errors and omissions policy. As to the misrepresentations on the application upon which AN-PAC partially based its denial, Aymond claims the Holleys were negligent and incorrectly answered the application questions pertaining to his bankruptcy or criminal history during the |2application process. However, the Holleys claim they asked and Aymond responded negatively to both. In his amending and supplemental petition, Aymond made an additional claim for spoliation of evidence, alleging that the Holleys had destroyed the handwritten, draft insurance application.
The Holleys filed a motion for summary judgment, seeking to be dismissed from the lawsuit. They claimed that although there is a factual dispute regarding whether Aymond disclosed his bankruptcy and criminal conviction, that fact is not material, because there is no scenario under which the Holleys could be liable to Ay-mond. The trial court, citing the reasons given by the Holleys, granted the Holleys’ motion for summary judgment, concluding that:
[T]here appear to be only three possible factual findings the jury could reach with regard to the negligence claims against the Holleys, namely:
(1) Plaintiff was asked questions about bankruptcy and criminal convictions, and denied either or both;
(2) The Holleys either failed to ask the bankruptcy and/or criminal conviction question(s), or failed to relay accurate information provided by Plaintiff to [ANPAC]; or
(3) Plaintiff and the Holleys in some manner fraudulently colluded regarding the issues of bankruptcy and/or criminal conviction....
This is an unusual set of circumstances in which the Court acknowledges there are disputed issues of fact, *13 but summary judgment is nevertheless appropriate. Under no possible scenario are the disputed facts material to the issue of the potential liability of the Hol-leys.
As to the spoliation claim, the trial court reasoned that the Holleys had no reason, intent or motivation to destroy a document because of a negligence claim which would arise two years after the application was made. 13Judgment on both issues was entered in the Holleys’ favor, which Aymond now appeals.
DISCUSSION
We review the grant of a motion for summary judgment de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991); Dowdy v. City of Monroe, 46,693 (La.App.2d Cir.11/02/11), 78 So.3d 791. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B). Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion. La. C.C.P. art. 966 E(2).
A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Hardy v. Bowie, 98-2821 (La.09/08/99), 744 So.2d 606; Duckett v. Grambling State University, 47,082 (La.App.2d Cir.04/18/12), 92 So.3d 478, writ denied, 2012-1130 (La.09/14/12), 99 So.3d 32. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines v. Garrett, 2004-0806. (La.06/25/04),4 876 So.2d 764, citing, Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, (La.07/05/94), 639 So.2d 730, 751.
Issues that require the determination of reasonableness'of acts and the conduct of parties under all facts and circumstances of the case cannot ordinarily be disposed of by summary judgment. Duckett, supra. In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the nonmoving party’s favor. Hines, supra.

Liability Claim

According to Aymond, the trial court erred in granting summary judgment based upon its conclusion that although there were facts in dispute, under no possible scenario were those disputed facts material to the issue of the potential liability of the Holleys. We agree that summary judgment on this issue was in error.
Here, the trial court and the parties all agree that a disputed fact exists over whether or not Aymond reported to the Holleys the information regarding his felony criminal conviction and bankruptcy. Because ANPAC has denied Aymond’s claim on the basis that he failed to report these facts to the Holleys, his felony conviction and bankruptcy, the issue is at the crux of this matter. Aymond submits that he gave the Holleys all of his relevant information, whereas they maintain that he did not report truthfully these two facts. Taking that fact, which all agree is disputed (just not material), |5the trial court *14 considered three possible factual findings the factfinder could reach, concluding that under those three scenarios the Holleys could not be liable.
The trial court found that “under no possible scenario are the disputed facts material to the issue of the potential liability”; however, such a prediction was both improper and short-sighted. The fact at issue is certainly material since its resolution will necessarily determine the fault and/or liability of the Holleys to Aymond under a number of different possibilities. For instance, in the event the factfinder determined the Holleys were negligent in failing to accurately report the information provided by Aymond (the second scenario considered by the trial court), then the Holleys potentially could be hable to Ay-mond over and beyond the amounts AN-PAC might have to pay on the general policy. Moreover, regardless of the trial court’s opinion as to the possible outcome of the case, the determination of this disputed factual issue is the province of the factfinder and is not appropriate at this stage in the proceedings. The trial court is not in a position to make such an evaluation and predict an outcome on summary judgment. Therefore, we find that the trial court erred in granting summary judgment on this issue.

Spoliation of Evidence

In his amending and supplemental petition, Aymond added the allegation that the Holleys destroyed and/or otherwise spoiled evidence that he claims was “germane” to this matter. The specific evidence that Aymond claims was wrongfully destroyed is the draft, handwritten application | (¡prepared in 2005 when the Holleys met with Aymond regarding his potential coverage.
Spoliation constitutes a tort action against someone who has impaired the party’s ability to institute or prove a civil claim due to negligent or intentional destruction of evidence. McCool v. Beauregard Memorial Hosp., 2001-1670 (La.App.3d Cir.04/03/02), 814 So.2d 116, 118. In order to state a cause of action in spoliation one must demonstrate two elements: (1) the intentional or negligent destruction of evidence and (2) that the first element was for the purpose of depriving the plaintiff of its use. Arnold v. Brookshire Grocery Co., 2009-44 (La.App.3d Cir.05/06/09), 10 So.3d 1279, 1280.
A presumption may arise in the theory of spoliation of evidence when it is an intentional destruction of evidence for the purpose of depriving the opposing parties of its use. Lewis v. Albertson’s Inc., 41,234 (La.App.2d Cir.06/28/06), 935 So.2d 771, writ denied, 2006-1943 (La.11/09/06), 941 So.2d 42; Holloway v. Midland Risk Ins. Co., 36,262 (La.App.2d Cir.10/30/02), 832 So.2d 1004, unit denied, 2002-3247 (La.03/28/03), 840 So.2d 571. Generally, a litigant’s failure to produce evidence that is available to him raises a presumption that the evidence would have been detrimental to his case. However, this adverse presumption is not applicable when the failure to produce the evidence is adequately explained. Lewis, supra; Holloway, supra.
According to Allison Holley, the information from the handwritten application was transposed to an identical computerized application, which 7was then transmitted electronically to ANPAC. Since ANPAC did not require submission of the handwritten application, it was the Hol-leys’ general office practice to shred the original applications once the electronic application had been submitted. Additionally, Allison Holley’s action was taken in 2005 — two years prior to the fire at Ay-mond’s house and long before any litigation with Aymond was contemplated. Further, Aymond offers no evidence that *15 the handwritten application was destroyed by the Holleys during litigation (or that at the time the records were destroyed there was even a hint of litigation to come) in an attempt to deprive him of any information. Where suit has not been filed and there is no evidence that a party knew suit would be filed when he discarded evidence, the theory of spoliation of evidence does not apply. Smith v. Jitney Jungle of America, 35,100 (La.App.2d Cir.12/05/01), 802 So.2d 988, writ denied, 2002-0039 (La.03/15/02), 811 So.2d 913. The record in this ease presents an explanation as to why the handwritten application no longer exists, and that explanation is clearly not for the purpose of depriving Aymond of using the handwritten application as evidence in upcoming or pending litigation. Considering the undisputed material facts and the applicable law on spoliation, the trial court properly granted the Holleys’ motion for summary judgment on this issue.
Conclusion
For the foregoing reasons, the motion for summary judgment in favor of Allison and Tag Holley is affirmed as it relates to the limited claim of spoliation made against them in James Aymond’s amending and ^supplemental petition. Otherwise, the summary judgment in favor of the Holleys is reversed. The parties are to bear their own costs of appeal.
AFFIRMED IN PART; REVERSED IN PART.

. Interestingly, Aymond had made previous claims under the policy in connection with a lightning strike and hurricane damage to his home. Aymond maintains that those claims were paid by ANPAC.