Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,169-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BOBBY WASHINGTON                                    Plaintiff-Appellant

versus

SHREVEPORT LOOP LP, FSS                             Defendants-Appellees
MANAGEMENT, LLC, AND
WESTERN WORLD
INSURANCE COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 629,227

Honorable Christopher T. Victory, Judge

* * * * *

JEAN PAUL GUIDRY                                    Counsel for Appellant


HAILEY MCNAMARA, LLP                               Counsel for Appellees
By: David K. Persons
    Gerald F. Arceneaux


* * * * *

Before COX, THOMPSON, and HUNTER, JJ.

**COX, J.**

This suit arises out of the First Judicial District Court, Caddo Parish, Louisiana, the Honorable Chris Victory presiding. Bobby Washington brought suit against Southern Loop LP ("Southern Loop"), FSS Management, LLC ("FSS"), Western World Insurance Company ("Western World"), and later, Admiral Insurance Company ("Admiral Insurance") (collectively referred to as "the Defendants") for damages sustained after a fall. The trial court granted summary judgment in favor of the Defendants. Washington now appeals. For the following reasons, we affirm the trial court.

## FACTS

On March 22, 2021, Washington filed his petition for damages against the Defendants. Washington was a resident at the Summer Tree Apartment Homes ("the Apartments") in Shreveport, which was owned by Shreveport Loop, managed by FSS, and insured by Western World. Washington stated that on June 13, 2020, he was bracing his hand against a second-story balcony railing at the Apartments, when the railing broke, causing him to fall to the ground and sustain injuries. He alleged that the disintegration and age of the railing created a vice or defect. He asserted that Shreveport Loop and FSS knew or should have known of the defect; failed to take corrective action in a reasonable period of time; and failed to warn of the dangerous condition. Washington alleged neck and back injuries from his fall and included the following damages (past, present, and future): medical expenses; physical pain and suffering; mental pain and anguish; permanent injuries and disability; loss of earnings/wages; loss of future earning capacity; and loss of enjoyment of life.

Southern Loop and FSS answered, denying the claims and disputing the injuries. They alleged that Washington's injuries were caused by his own negligence.

On June 20, 2022, Washington filed a motion to compel discovery. He alleged that he served the Defendants with interrogatories and requests for production of documents on June 30, 2021, and had not received a response. On June 30, 2021, Washington filed his first amended petition to substitute Admiral Insurance in the place of Western World. He voluntarily dismissed Western World from the suit. The order dismissing Western World was signed on July 1, 2021.

On November 21, 2023, the Defendants filed a motion for summary judgment. They attached the following exhibits:

A. Plaintiff's petition for damages;

B. Plaintiffs first amended petition;

C. Affidavit of Betty Lewis- Ms. Lewis stated that Washington accepted the apartment "AS IS" with the exceptions of a broken screen door and no ice maker. She stated that Washington never notified FFS of any defects to his balcony railing.

D. Shreveport Loop's responses to Plaintiff's request for admissions, interrogatories, and production of documents;

E. Excerpts from the deposition of plaintiff, Bobby Washington- Washington stated that he lived in the apartment for two years, never had problems with the railings, nothing indicated the railings were not securely attached; and never complained about the railings.

F. Plaintiff's responses to Defendants' second set of discovery requests.

The Defendants submitted the following uncontested facts: Washington rented the apartment from Shreveport Loop; Washington never notified FSS of any defects in the railing; the lease specifies that the resident assumes sole responsibility for the condition of the premises unless

2

FSS/Southern Loop acts in a grossly negligent manner in remedying vice/defect after written notice of the vice/defect; and Washington admitted in his deposition that he never noticed any problem with the railing.

Washington opposed the motion for summary judgment, arguing that whether the Defendants knew or should have known of the balcony defect is a question for the trier of fact. He submitted that because other balconies were repaired prior to and after his fall, the Defendants knew other balconies were defective. He attached reports of repairs and pictures of other balconies. He stated, "Here, defendants had knowledge that many of the [Apartments'] balconies were defective and needed repair. Defendants had knowledge that the balconies were 40 years old. Defendants had knowledge that if one of the [Apartments'] balconies were to fail, it could cause serious injury or death." Washington attached Ayona Washinton's affidavit. Ayona is Washington's daughter, who was present at the time of the accident, and took pictures the day following the accident.

Washington filed a motion to deem matters admitted pursuant to La. C.C.P. art. 1467(B). He asserted that the Defendants' responses to his supplemental discovery request were not in compliance with La. C.C.P. art. 1466; therefore, those matters should be deemed admitted. Washington requested the following admissions:

> No. 2: Please admit that the balcony at issue, including its railing and component parts, had not been replaced between the time Shreveport Loop, LP bought the Apartments and Bobby Washington's fall.

> No. 4: Please admit that the balcony at issue, including its railing and component parts, had not been replaced between the time the Apartments were originally built and Bobby Washington's fall.

No. 6: Please admit that the balcony at issue, at the time of Bobby Washington's fall, was made of the same materials as the balconies referenced in Exhibit 1 prior to their repair/replacement.

No. 7: Please admit that the balcony at issue was originally built at the same time as the balconies referenced in Exhibit 1 were originally built.

The Defendants responded, "Defendant can neither admit nor deny this request; Shreveport Loop, LP sold the property and Defendant no longer has access to the records necessary to formulate a response."

Washington also argued that this response may give rise to an adverse presumption due to spoliation of evidence because Shreveport Loop sold the property over a year and a half after the litigation began.

The Defendants opposed Washinton's motion to have matters deemed admitted. They asserted that they explained in their response that they were not in possession of the necessary records; therefore, they could not admit or deny. They argued that spoliation did not apply because they did not destroy the records, they simply sold the building and did not retain the maintenance records. They argued that Washington's motion should be denied.

On April 3, 2024, the district court signed its ruling, denying the motion to deem matters admitted and granting the motion for summary judgment. The trial court stated that the Defendants' denials "fairly met the substance of the requested admissions," and "presumably, the records still exist with the new owner[.]" As to summary judgment, the trial court stated that Washington testified in his deposition that he was unaware of the condition of the balcony railing prior to his fall and had no reason to believe the Defendants had knowledge of the railing defect either. Therefore, Washington could not carry his burden of proof at trial that the Defendants

4

knew or should have known of the defective railing. The ruling was memorialized in two judgments on April 17, 2024, which also dismissed Washington's claims with prejudice.

Washington now appeals both judgments.

## DISCUSSION

*Motion to deem matters admitted*

Washington argues that the trial court erred in denying his motion to deem matters admitted. He asserts that the Defendants' answers to the supplemental discovery requests and requests for admissions did not comply with the requirements of La. C.C.P. art. 1466, as detailed above.

Washington argues that their responses do not comply with the law and may give rise to an adverse presumption due to spoliation of evidence. He states that the petition was filed March 22, 2021, and Shreveport Loop did not sell the property until November 30, 2022. For this reason, he asserts that the law of spoliation should apply. He argues that this Court should deem those matters admitted for the purposes of the pending action. In the alternative, he asserts that there should be an adverse presumption against the Defendants.

The standard of review for discovery matters is abuse of discretion. *Jones v. Quality Distribution, Inc.*, 22-0104 (La. App. 4 Cir. 9/14/22), 366 So. 3d 476, *writ denied*, 22-01608 (La. 1/11/23), 352 So. 3d 985.

Pursuant to La. C.C.P. art. 1466, "a party may serve upon any other party a written request for an admission" of the truth of any relevant factual matter. According to La. C.C.P. art. 1467, a matter is deemed admitted unless a written answer or objection is served on the party making the

5

request within the specified time after service of the request. La. C.C.P. art. 1467(B) states:

> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

Spoliation constitutes a tort action against someone who has impaired the party's ability to institute or prove a civil claim due to negligent or intentional destruction of evidence. *Aymond v. Am. Nat. Prop. & Cas. Co.*, 48,615 (La. App. 2 Cir. 11/20/13), 130 So. 3d 10. Generally, a litigant's failure to produce evidence that is available to him raises a presumption that the evidence would have been detrimental to his case. However, this adverse presumption is not applicable when the failure to produce the evidence is adequately explained. *Id.*

Here, the issue is whether the Defendants' responses were adequate. The Defendants stated, "Defendant can neither admit nor deny this request; Shreveport Loop, LP sold the property and Defendant no longer has access to the records necessary to formulate a response." The trial court found that the Defendants' denials "fairly met the substance of the requested admissions," and "presumably, the records still exist with the new owner[.]"

We find that the trial court did not abuse its discretion in finding this answer to be sufficient. The Defendants neither admitted nor denied the allegation and explained in their answer that they no longer had the necessary documents in their possession to formulate an answer. This was not due to the destruction of the records but because the records were transferred with the property. The Defendants adequately explained why

6

they did not possess the requested documents. Therefore, there is no adverse presumption for spoliation of evidence.

We affirm the trial court's judgment denying Washington's motion to deem matters admitted.

*Motion for Summary Judgment*

Washington argues that the trial court erred in granting the Defendants' motion for summary judgment. He asserts that the Defendants knew or should have known of a vice or defect in the balcony railing. Washington presented 13 invoices from June 20, 2016, to May 15, 2020, as proof of the Defendants' knowledge that the balcony rail was defective. He also submitted a list of eight additional defective balconies that were repaired within one year of his accident.

Washington asserts that the Defendants had knowledge that many of the apartment balconies were defective and needed repair—the balconies were 40 years old. He argues that the Defendants knew that if one of the balconies failed, it would cause serious injury or death. He requests that this Court reverse the trial court's granting of the Defendants' motion for summary judgment.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Art. 969. The procedure is favored and shall be construed to accomplish these ends. La. C.C. art. 966(A)(2). The judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C. art. 966(A)(3). The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of

proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to a judgment as a matter of law. La. C.C. art. 966 D(1).

Summary judgments are reviewed on appeal de novo. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880; *Pistorius v. Higbee Louisiana, LLC*, 54,780 (La. App. 2 Cir. 2/8/23), 356 So. 3d 1204, *writ denied*, 23-00331 (La. 5/2/23), 359 So. 3d 1290. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *King v. Illinois Nat. Ins. Co.*, 08-1491 (La. 4/3/09), 9 So. 3d 780; *Pistorius v. Higbee Louisiana, LLC, supra*.

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1.

Notwithstanding the provisions of La C.C. art. 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time. La. R.S. 9:3221.

At trial, Washington would bear the burden of proving the elements of his claims against the Defendants, including that the Defendants knew or should have known of the defect or received notice and failed to act. For the Defendants to prevail on summary judgment, they were required to show an absence of factual support for any of the elements of Washington's cause of action. Here, the Defendants alleged that they did not know of any defects in the railing and were never notified of a problem.

Washington signed his lease on the apartment a year prior to his fall. Washington's lease provided, in part:

> LIABILITY. Resident assumes sole responsibility for the condition of the Premises. Owner and its employees and agents shall not be responsible for damage or injury caused by any alleged vices or defects in or on the Premises, or any consequences thereof; except in the event of gross neglect to take action toward remedying such vice or defect after having received prior written notice thereof.

In his deposition, Washington stated that he received carpentry training. Washington denied having any problems with the railings or noticing any need for repair. He also denied making any complaints to the apartment manager/owner that the railing needed repair. Washington was unaware that anyone had ever made a complaint about that railing.

9

Based on Washington's admissions, we agree with the trial court that the Defendants neither knew nor should have known that the railing was defective and in need of repair. Washington, who lived in the apartment and had carpentry knowledge, walked by the railing frequently and did not report or even notice any issues.

Like the trial court, we find that summary judgment was appropriate under the facts of this case. We affirm the trial court judgment dismissing Washington's suit.

## CONCLUSION

The trial court ruling which granted summary judgment in favor of the Defendants is affirmed. Costs of this appeal are assessed to the appellant, Bobby Washington.

**AFFIRMED.**