935 So.2d 771 (2006)
Magalene LEWIS, et ux., Plaintiffs-Appellants,
v.
ALBERTSON'S INC., et al., Rio Beach & Back Yard Flag Chair, All-Luminum Products, Inc., and Travelers Insurance, Defendants-Appellees.
No. 41,234-CA.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
*772 J. Michael Rhymes, Monroe, Ivan Jerome Daigs, for Appellants.
Cook, Yancey, King & Galloway by Samuel William Caverlee, Scott Louis Zimmer, Ashley G. Simoneaux, Shreveport, for Appellee, Albertson's, Inc.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Donald James Armand, Jr., Shreveport, for Appellees, Traveler's Ins. and All-Luminum Products, Inc.
Before BROWN, GASKINS and LOLLEY, JJ.
LOLLEY, J.
Magalene Lewis and her husband, Sellus Lewis, appeal a judgment of the 26th Judicial District Court, Parish of Bossier, State of Louisiana, which, following a hearing, granted summary judgments in favor of the defendants/appellees. Albertson's Inc. ("Albertson's"), and All-Luminum, Inc. ("All-Luminum") in conjunction with its insurer, Travelers Indemnity Company of Connecticut ("Travelers"), answered the appeal. For the following reasons, we affirm.

FACTS
On May 16, 2003, Magalene Lewis started feeling ill while shopping at the Albertson's store in Bossier City, Louisiana. As she began to be escorted to her car, Mrs. Lewis felt faint and sat down in a lawn chair on display at the store. Unable to support her weight, the chair collapsed and allegedly injured Mrs. Lewis. She later filed an incident report with Albertson's.
The Lewises filed suit against the alleged manufacturer of the chair, All-Luminum, and the seller, Albertson's. During discovery for the case, it was learned that *773 the chair involved in the incident had been disposed of by an employee at Albertson's. Albertson's and All-Luminum filed separate motions for summary judgment. The trial court granted All-Luminum's motion. The Lewises filed a memorandum in opposition to Albertson's motion for summary judgment. The trial court took the matter under advisement and requested additional briefing.
Thereafter, the Lewises filed an amended petition adding the claim of spoliation of the evidence against Albertson's. Albertson's filed a second motion for summary judgment on the spoliation claim. The trial court granted both of Albertson's motions for summary judgment finding that: (1) there was no liability for the chair and, (2) there was no evidence to support the spoliation claim. This appeal ensued.

DISCUSSION
In their first assignment of error, the Lewises argues that the trial court erred in granting Albertson's motion for summary judgment on the basis that the evidence did not show that Albertson's knew or should have known of the defect in the chair. Related to that is their second assignment of error in which they argue that the trial court erred in finding that the Lewises could not prevail on their claim based on spoliation of the evidence; the evidence that was thrown out, they claim, would have supported their liability claim. As stated, the trial court granted Albertson's motion for summary judgment on the spoliation issue and the product liability claim in favor of the defendants.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party's action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The non-moving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La. App.2d Cir.08/21/96), 679 So.2d 477.

Product Liability
At the outset, we note that the Lewises moved to appeal the summary judgment in favor of All-Luminum and Travelers. All-Luminum and Travelers noted in their brief that no assignments of error and no arguments have been offered with regard to manufacturer liability. After reviewing the appellees' brief we find that the Lewises have abandoned their appeal against All-Luminum and Travelers, and the judgment is not before this court. U.R.C.A. Rule 1-3 and 2-12.4.
The Lewises do allege, however, that Albertson's is liable for the defective chair. Albertson's asserts that it is not responsible for damages in tort absent a showing that it knew or should have known the product was defective and failed to declare it. Here, the Lewises' spoliation claim does not preclude a motion for summary judgment as to the issue of product liability. See e.g. Allen v. Blanchard, 1999-2077 (La.App. 1st Cir.03/31/00), 763 So.2d 704. Although the actual chair was not produced, *774 the Lewises maintained the burden to prove that an issue of material fact existed, namely that Albertson's knew or should have known and failed to declare the alleged defect in the chair.
A non-manufacturing seller is not required to inspect the product prior to sale to determine the possibility of inherent vices or defects. Jackson v. Sears Authorized Retail Dealers Store, 36,166 (La.App.2d Cir.06/12/02), 821 So.2d 590. The law is clear that a non-manufacturing seller of a defective product is not responsible for damages in tort absent a showing that he knew or should have known the product was defective and failed to declare it. Id.
After a de novo review of the case, we agree with the trial court's determination that Alberton's is entitled to summary judgment as a matter of law. The trial court found the evidence established that neither Albertson's nor Magalene Lewis had knowledge of the defect. At the deposition of Nick Walker, the assistant manager at Albertson's at the time of the incident, he explained how he helped put together the display and did not notice any defects in the chair. He believed the chairs to be in good condition and never had any problems with other chairs of the same type. Walker also explained that he would watch his co-worker sit in the display chairs after putting them together and had no problems with the chairs. No other evidence was presented that supported the Lewises' assertion that Albertson's knew or should have known of the alleged defect. Accordingly, we find no genuine issue of material fact before us.

Spoliation Claim
The Lewises allege that the spoliation of the evidence prevented them from fully prosecuting and succeeding in their liability claim against the alleged manufacturer, All-Luminum, and the seller, Albertson's. The Lewises further assert that because Albertson's Loss Prevention Department knew litigation was a good possibility they had a duty to preserve the evidence and failing to do so created a presumption that the evidence would have been favorable to plaintiffs' case.
A presumption may arise in the theory of spoliation of evidence when it is an intentional destruction of evidence for the purpose of depriving the opposing parties of its use. Holloway v. Midland Risk Insurance Co., 36,262 (La.App.2d Cir.10/30/02), 832 So.2d 1004, writ denied, XXXX-XXXX (La.03/28/03), 840 So.2d 571. Generally, a litigant's failure to produce evidence that is available to him raises a presumption that the evidence would have been detrimental to his case. However, this adverse presumption is not applicable when the failure to produce the evidence is adequately explained. Holloway, supra.
In their amended petition, the Lewises did not allege that Albertson's discarded the chair intentionally in order to deprive her of its use. Nonetheless, even if alleged, the record does not support the acts were intentional. Here, the evidence established the chair at issue was retained by Albertson's for a number of months following the incident, but the chair was mistakenly thrown away by an Albertson's employee who was cleaning out the closet that stored the item. After it was discovered that the chair had been mistakenly thrown out, an effort was made to find a chair similar to the previous one. The failure to produce the chair is adequately explained and does not give rise to the presumption that the evidence would have been detrimental to the case.
The Lewises do, however, allege that Albertson's was negligent in their failure to preserve the chair. The Louisiana Supreme *775 Court has yet to address the potential tort right of spoliation stemming from negligence principles, including its requirements and the remedy for this cause of action; the issue is certainly ripe for consideration. This court has recognized a negligence theory for a spoliation claim, but with limitations. In Carter v. Exide Corporation, 27,358 (La.App.2d Cir.09/29/95), 661 So.2d 698, 704, the duty to preserve evidence was enforceable if it arose from "a statute, a contract, a special relationship between the parties, or an affirmative agreement or undertaking to preserve the evidence."
Merely claiming spoliation of evidence does not relieve the plaintiff's burden to prove that the cause of action exists, namely that Albertson's is a defendant with the duty to preserve the chair at issue and the duty was breached. In the instant case, on the motion for summary judgment the Lewises failed to present evidence that establishes an enforceable duty after Albertson's pointed out the absence of factual support for the Lewises' claim. Although we support Albertson's protocol to preserve the evidence at issue, nothing in the record suggests that this was done because of an agreement among the parties. Furthermore, the Lewises brought suit after the chair was mistakenly thrown out, and the record does not support the contention that Albertson's was on notice that a suit would be filed. Finally, Albertson's did not have a duty arising out of any other circumstances as set forth by Carter, supra.
We also note there was affirmative evidence with Walker's deposition testimony setting forth that Albertson's did not know or could not have known of the alleged defect. Besides not establishing that a duty existed, the Lewises failed to put on evidence that but for the spoliation they would have a theory of liability under the Louisiana Products Liability Act, the only remedy against a manufacturer. Therefore, we find this argument without merit.

CONCLUSION
For the foregoing reasons, the motions for summary judgment granted by the trial court in favor of the defendants are affirmed. Costs of this appeal are assessed to the Lewises.
AFFIRMED.