# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-857


ELAINE MITCHELL

VERSUS

ALLIANCE COMPRESSORS


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF NATCHITOCHES, NO. 17-00135
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**PHYLLIS M. KEATY
JUDGE**

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**George A. Flournoy**
**Flournoy Law Firm**
**1239 Jackson Street**
**Alexandria, Louisiana  71309**
**(318) 487-9858**
**Counsel for Plaintiff/Appellant:**
    **Elaine Mitchell**

**Sam N. Poole, Jr.**
**M. Allison Johnson**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, Louisiana  71307-6188**
**(318) 445-6471**
**Counsel for Defendant/Appellee:**
    **Alliance Compressors, LLC**

**KEATY, Judge.**

In this workers' compensation case, Elaine Mitchell appeals a judgment that granted summary judgment in favor of her former employer, Alliance Compressors (Alliance), and dismissed her claims against it. Finding that Alliance met its burden of proving the absence of any genuine issues of material fact such that it was entitled to judgment in its favor as a matter of law, we affirm.

## PROCEDURAL HISTORY

Mitchell filed a Form 1008 Disputed Claim for Compensation (1008) against Alliance on January 9, 2017, alleging that she sustained a workplace injury on December 5, 2016, when her right hand got caught in a machine. In the 1008, Mitchell listed the following items as being in "BONA-FIDE DISPUTE:"

a. Extent and duration of disability and entitlement to indemnity benefits

b. Non-payment or incorrect or untimely payments of TTD benefits and/or SEB

c. Failure to furnish and/or provide authorization for proper medical treatment

d. Non-payment and/or untimely payment of medical and travel related expenses

e. Failure to furnish copies of reports of employer selected physicians within 30 days after written request therefor

f. Failure to provide vocational rehabilitation

g. Wages

h. Discontinuance of benefits

i. Penalties and attorney's fees in accord with LSA 23:1201 and/or:1125 and/or:1142 as a result of b., c., d., e., f., or h.

j. Legal interest on all awards from appropriate date

After prior trial dates had been continued six times, without opposition, by both Mitchell and Alliance, the matter was refixed for an August 9, 2018 trial. In advance

of the trial, Alliance filed a Motion for Summary Judgment on June 5, 2018, seeking to have Mitchell's claims against it dismissed. The workers' compensation judge (WCJ) scheduled Alliance's motion for a July 5, 2018 hearing. On July 3, 2018, a flurry of motions was filed. Mitchell filed a Motion to Continue or, Alternatively, Motion to Refer to the Merits, which sought to require Alliance to show cause on July 5, 2018, why Mitchell's motion to continue should not be granted; the WCJ signed the order submitted by Mitchell which resulted in her motion to continue being set on the same day as the summary judgment hearing. Mitchell also *attempted* to file a pleading titled Opposition to Motion Fo [sic] Summary Judgment.[1] In response, Alliance filed a memorandum in opposition to Mitchell's motion to continue, as well as a response to Mitchell's substantive opposition to its motion for summary judgment.

Neither Mitchell nor her counsel appeared at the July 5, 2018 hearing. The WCJ orally denied Mitchell's motion to continue or refer to the merits, and granted summary judgment in favor of Alliance, dismissing Mitchell's claims against it with prejudice. The WCJ signed a written judgment in conformity with its oral reasons on July 13, 2018. Mitchell timely filed a motion for new trial which the WCJ, following a hearing, denied by judgment dated August 23, 2018. Mitchell appealed,[2] and is now before this court asserting that:

1    The WCJ abused his discretion in refusing to refer the summary
     judgment motion to a trial on the merits that was only 35 days

---

[1] As we will later explain, the WCJ refused to consider Mitchell's opposition and, apparently, did not allow it to be filed into the record. We note, however, that the first page of the opposition appears in the record as Exhibit 5 to Alliance's later filed Memorandum in Opposition to Plaintiff's Motion for New Trial, wherein Alliance describes Mitchell's opposition as being one and one-half pages in length and without any accompanying exhibits.

[2] Mitchell devolutively appealed from the judgment of July 13, 2018, dismissing her claims and the judgment of August 23, 2018, denying her motion for new trial. Her appellant brief does not include an assignment of error or any argument addressing the denial of her new trial motion. Accordingly, we will consider as abandoned Mitchell's appeal of the August 23, 2018 judgment. *See* Uniform Rules—Courts of Appeal, Rules 1–3 and 2–12.4; *Lewis v. Albertson's Inc.*, 41,234 (La.App. 2 Cir. 6/28/06), 935 So.2d 771, *writ denied*, 06-1943 (La. 11/9/06), 941 So.2d 42.

2

away when the motion to refer clearly delineated significant factual material issues, which defendant did not dispute.

2    The WCJ erred in granting defendant's motion for summary judgment, failing to thoroughly review the documentary evidence and dismissing plaintiff's claim in its entirety. The grant of summary judgment was erroneously based only on excerpts of plaintiff's deposition, incomplete medical records and without any sworn testimony of plaintiff's treating physician.

**DISCUSSION**

In order for an employee to recover benefits under the Worker's Compensation Statutes of the State of Louisiana he must show that he received a personal injury by way of an accident arising out of and in the course and scope of his employment, and said injury necessitated medical treatment and/or rendered the employee either temporary totally disabled, permanent totally disabled, entitled to supplemental earning benefits, and/or permanent partially disabled. LSA–R.S. 23:1021; 1031; 1203; and 1221.

*Alfred v. Mid-S. Mach., Inc.*, 594 So.2d 937, 939 (La.App. 3 Cir. 1992).

A claimant will not be entitled to temporary total disability benefits for time she is employed. . . . A claimant must submit objective medical evidence of the disabling condition to meet his burden of proving entitlement to TTD benefits by clear and convincing evidence.

In *Fritz* [*v. Home Furniture-Lafayette*], 95-1705, p. 3-4 [(La.App. 3 Cir. 7/24/96),] 677 So.2d [1132,] at 1134, we stated:

However, the issue of disability presents a legal not purely a medical, question which must be determined after considering all of the medical and lay testimony in the record. *Walker v. Halliburton Services, Inc.,* 93-722 (La.App. 3 Cir. 3/1/95); 654 So.2d 365, *writ denied,* 95-1507 (La.9/22/95); 660 So.2d 481. In other words, the hearing officer determines whether a claimant has met his burden of proving disability only after weighing all the medical and lay testimony.

*Jones v. El Mesero Rest.*, 97-636, pp. 4-5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1133, 1135-36 (citations omitted). In *Jones*, this court found that the claimant, who "continued working for a ten-month period [following her alleged on-the-job accident,] maintaining her normal hours, in her preinjury position, until her

termination for unrelated reasons[,]" was not disabled and thus not entitled to indemnity benefits. *Id.* at 1134.

"When appropriate under Articles 966 and 967, summary judgment is available in workers' compensation cases." *Craig v. Bantek W., Inc.*, 04-229, p. 5 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241, 1244. *See also Potier v. Acadian Ambulance Serv., Inc.*, 13-914 (La.App. 3 Cir. 2/12/14), 153 So.3d 1082, *writ denied*, 14-527 (La. 4/25/14), 138 So.3d 647. "A defendant's motion [for summary judgment] may be filed at any time." La.Code Civ.P. art. 966(A)(1). Louisiana Code of Civil Procedure Article 966 further provides, in pertinent part:

A. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.

(3) After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.

. . . .

B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:

(1) A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.

(2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

. . . .

C. (1) Unless otherwise agreed to by all of the parties and the court:

(a) A contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date.

4

. . . .

(2) For good cause shown, the court may order a continuance of the hearing.

### *Was the WCJ's Denial of Mitchell's Request to Refer Alliance's Motion for Summary Judgment to the Merits an Abuse of Discretion?*

This court was recently called upon to review the propriety of a trial court's denial of a plaintiff's motion to continue a hearing on a motion for summary judgment filed against it by the defendant. *See Miller v. Acadian Ambulance Serv., Inc.*, 17-1096 (La.App. 3 Cir. 5/23/18), 248 So.3d 469, *writ denied,* 18-1452 (La. 11/20/18), 256 So.3d 990. In finding no error in the trial court's denial of the plaintiff's motion, we explained:

> Louisiana Code of Civil Procedure Article 1601 provides that "[a] continuance may be granted in any case if there is good ground therefor." Under La.Code Civ.P. art. 1602, a continuance must be granted if "the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." The court in *Suarez v. Acosta*, 15-750, pp. 9-10 (La.App. 5 Cir. 3/16/16), 194 So.3d 626, 632 (citations omitted) discussed the trial court's discretion in granting or denying a continuance and stated in pertinent part:
>
> > In determining whether to grant a continuance, the trial court must consider the particular facts in each case. Some factors to consider are diligence, good faith, and reasonable grounds. The trial court may also weigh the condition of the court docket, fairness to the parties and other litigants before the court, and the need for orderly and prompt administration of justice. A trial court has great discretion in granting or denying a motion for a continuance under La. C.C.P. art. 1601, and that discretion will not be disturbed on appeal in the absence of **clear abuse of discretion**.

*Id.* at 475-76 (emphasis added).

In her appellant brief, Mitchell asserts that the "WCJ was itching to grant defendant's motion for summary judgment [, a]nd, in doing so, he deprived plaintiff of her day in court, which was only 35 days away." Citing this court's decision in

*Marpco, Inc. v. S. States Pipe & Supply*, 377 So.2d 525, 528 (La.App. 3 Cir. 1979), Mitchell claims that the WCJ's denial of her motion to continue or refer to the merits amounted to an abuse of its wide discretion.

Alliance points out that despite the fact that the hearing had been set since early June, the request to continue the July 5, 2018 hearing was not made until just two days before the hearing was set to take place. It directs this court's attention to the transcript of the July 5, 2018 hearing wherein the WCJ referenced a conference it had conducted with both parties' counsel of record on July 2, 2018, wherein the WCJ stated that it would not grant Mitchell's "late request" for a continuance. According to the transcript, the WCJ explained that, after being presented with an order filed by Mitchell's counsel setting a hearing on the motion to continue or refer to the merits to July 5,[3] he signed the requested order, and his office faxed a copy of the signed order to Mitchell's counsel's office. Pointing to La.Code Civ.P. art. 966(C)(1)(a) (emphasis added), which provides that "[u]nless otherwise agreed by all of the parties and the court [a] contradictory hearing on the motion for summary judgment **shall** be set not less than thirty days after the filing and **not less than thirty days prior to the trial date**[,]" Alliance asserts that Louisiana law does not permit motions for summary judgment to be "referred to the merits."

Initially, we note that neither Alliance nor the WCJ agreed to continue the summary judgment hearing. Given the fact that the hearing on Alliance's motion for summary judgment had been set since June 5, 2018, we cannot say that the WCJ abused its great discretion in denying a motion to continue that was filed just two days before the scheduled hearing. Moreover, even had Mitchell's request for a continuance been filed earlier, it was within the sound discretion of the WCJ to deny

---

[3] The July 5, 2018 hearing date was pre-filled in by Mitchell's counsel.

the request as Mitchell "did not allege any peremptory grounds for a continuance."

*Miller*, 248 So.3d at 476. Mitchell's first assigned error lacks merit.

### *Did Alliance Prove Its Entitlement to Summary Judgment?*

An appellate court reviews a trial court's granting of a motion for summary judgment de novo. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.* "A fact is 'material' when its existence or nonexistence may be essential to [a] plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.* (quoting *S. La. Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writs denied*, 596 So.2d 211 (La.1992) ).

Louisiana Code of Civil Procedure Article 966(D)(1) discusses the mover's burden of proof on summary judgments, and states:

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

*Miller*, 248 So.3d at 475.

In her second assignment of error, Mitchell asserts that the WCJ's "grant of summary judgment was erroneously based only on excerpts of plaintiff's deposition, incomplete medical records and without any sworn testimony of plaintiff's treating physician." We find no merit to Mitchell's assertion, as it completely ignores the fact that it was her burden to prove her entitlement to workers' compensation benefits.

Mitchell additionally asserts that the WCJ "fail[ed] to thoroughly review the documentary evidence." Given the directive that we perform a de novo review of the trial court's grant of summary judgment in favor of Alliance, what the WCJ did or did not do is of no moment to our review of the appealed judgment. Nevertheless, we point out that according to the July 5, 2017 transcript, the WCJ stated that he had "read [Alliance's] brief thoroughly and reviewed [Alliance's] evidence as submitted," before noting that Mitchell's 1008 "doesn't really set forth any facts, just mostly conclusions." Thus, we find Mitchell's assertion in this regard quite disingenuous.

Alliance's motion for summary judgment sought dismissal of all of Mitchell's claims for the reasons asserted in the attached memorandum and supporting exhibits.[4] Alliance's memorandum contained a twenty-two item Statement of Uncontested Material Facts, each of which was supported by a reference to one or

---

[4] In support of its motion for summary judgment, Alliance attached the following exhibits: 1) excerpts of Mitchell's deposition; 2) excerpts of Mitchell's certified medical records from Natchitoches Regional Medical Center; 3) a work restriction for Mitchell dated December 5, 2016; 4) Mitchell's certified medical records from Natchitoches Medical Specialists; 5) Mitchell's certified medical records from Dr. William Luster; 6) the June 1, 2018 affidavit of Michael Bridges, an industrial nurse employed by Alliance; 7) the June 1, 2018 affidavit of Michelle Brundige, Alliance's human resources manager, with attachments G1 (Mitchell's Payslips for periods between September 26, 2016 and June 18, 2017), G2 (A Corrective Action Notice from Alliance to Mitchell dated December 8, 2016, which gave her a Written Warning for a "Rule #22 Violation of Established Safety Rules and Practices." A Notice of Corrective Action dated March 14, 2017, which stated that Mitchell had be given a Written Discussion for leaving early on January 1, 2017, and for being unexcused on March 6 and 13, 2017. A Corrective Action Notice from Alliance to Mitchell dated March 31, 2017, which stated that she had been given a Final Written Warning for her Unsatisfactory Work Performance in violation of Job Performance Rule #2. A Notice of Corrective Action dated April 10, 2017, which stated that Mitchell had be given a Written Warning for leaving early on March 22, 2017 and being unexcused on April 6, 2017.) and G3 (Mitchell's June 14, 2017 Termination Notice); 8) the June 5, 2018 affidavit of Colleen Vosberg, a Liberty Mutual Insurance Claim's Manager who was assigned Mitchell's workers' compensation claim, with attachments H1 (Mitchell's Medical Cost Summary List) and H12 ( Mitchell's Employee Mileage Report); 9) the Motion to Continue Trial and to Deem Facts Admitted, with attachments, filed by Alliance on September 6, 2017; 10) the order signed by the WCJ on September 6, 2017, which ordered that Alliance's "First Set of Requests for Admissions of Fact be and they are hereby deemed admitted as a matter of law;" 11) excerpts of Mitchell's certified medical records from Dr. Michelle Ritter; and 12) Mitchell's 1008.

more exhibits. Our review of the record revealed that the exhibits do, in fact, support the uncontested facts attested to by Alliance. Those facts are (footnotes omitted):[5]

1. On December 5, 2016, plaintiff injured her right hand when she reached around a plexiglass guard to clean the center of a running machine — in violation of defendant's safety rules.

2. Plaintiff first received medical treatment following the accident on December 5, 2016, at the Natchitoches Regional Medical Center emergency room. Michael Bridges, defendant's industrial nurse, drove plaintiff to the emergency room in his personal vehicle. There, plaintiff saw Dr. William Zeichner, who diagnosed plaintiff with a crush injury to her right hand and prescribed plaintiff various medications. Dr. Zeichner restricted plaintiff from work until she had an opportunity to follow up with an orthopedic specialist.

3. Plaintiff saw Dr. Steven Kautz, an orthopedic on December 6, 2016. Bridges drove plaintiff to the appointment with Dr. Kautz in one of defendant's vehicles. Dr. Kautz released plaintiff to work without restrictions.

4. Plaintiff asked to see another doctor on December 12, 2016. Plaintiff saw Dr. William Luster, a family medicine physician, on December 16, 2016. Dr. Luster did not make any treatment recommendations, and referred plaintiff to Dr. Bryan Picou. Dr. Luster did not issue any work restrictions.

5. Plaintiff reportedly saw Dr. Bryan Picou on or about December 22, 2016. Dr. Picou instructed plaintiff to care for her wound by soaking it in warm water, and reportedly suggested that plaintiff see a specialist. Dr. Picou did not issue any work restrictions.

6. Between December 6, 2016 and January 5, 2017, plaintiff was released to work *without restrictions*.

7. Even though plaintiff was released to work without restrictions between December 6, 2016 and January 5, 2017, defendant accommodated plaintiff by allowing her the opportunity to work a light duty position, cleaning machines using only her non-injured left hand. Plaintiff is left handed; thus, this accommodation allowed Plaintiff to work exclusively with her dominant hand.

8. Between plaintiff's accident and the filing of suit, plaintiff worked her usual pre-accident hours, earning her same pre-accident hourly wage rate of $14.09 per hour.

---

[5] As we have verified that the exhibits cited by Alliance do support its assertions of uncontested facts, we will not repeat those specific references.

9. On Thursday, January 5, 2017, Bridges met with plaintiff and explained to her that she would have to return to her usual job duties on Monday, January 9, 2017, as no medical provider had restricted plaintiff from work in any way. Bridges explained to plaintiff that Friday, January 6, 2017 was an overtime day and her attendance that day would be optional. Plaintiff chose to take Friday, January 6th off.

10. After plaintiff was told that she would have to return to her regular job duties, on account of no medical provider having restricted her from work, she sought legal counsel and filed suit against defendant on January 9, 2017.

11. Defendant took plaintiff's deposition on March 6, 2017.

12. On January 13, 2017, defendant propounded its First Set of Requests for Admissions of Fact, Interrogatories and Requests for Production of Documents to plaintiff. After plaintiff failed to respond to defendant's written discovery requests, defendant conducted a Rule 10.1 conference. Plaintiff did not provide responses to the requests by the agreed-upon date. Accordingly, defendant filed a Motion to Compel responses. That matter was set for hearing before this Court[6] on April 10, 2017. Prior to the hearing on defendant's Motion to Compel, the parties entered into a consent judgment, which ordered plaintiff to provide responses to defendant's discovery requests within 10 days of the signing of the judgment; this Court signed the judgment on April 3, 2017. As of September 6, 2017, plaintiff still had not responded to defendant's written discovery requests. Defendant, therefore, moved to have its First Set of Requests for Admissions of Fact deemed admitted. This Court signed an Order granting defendant's requested relief, and deeming plaintiff's Requests for Admissions of Fact admitted on or about September 6, 2017.

13. Request for Admission Number 1, which asked: "Do you admit that, as of January 9, 2017, you had received no work restrictions from any medical provider for any injury you sustained on December 5, 2016?" has been deemed admitted by this Court.

14. Request for Admission Number 2, which asked, "Do you admit that, as of January 9, 2017, Alliance had provided transportation for you to any and all medical appointments you had as a result of the December 5, 2016 accident?" has been deemed admitted.

15. Request for Admission Number 3, which asked, "Do you admit that January 9, 2017 was the first time that you or anyone acting on your behalf requested copies of medical reports of physicians selected by defendant?" has been deemed admitted.

---

[6] Note: because we are repeating what Mitchell filed in the Office of Workers' Compensation (OWC), all references therein to "this Court" refer to the OWC.

16. Request for Admission Number 4, which asked, "Do you admit you are still employed by defendant at the same or greater hourly wage that you received in the four full pay periods before December 5, 2016?" has been deemed admitted by this Court.

17. When suit was filed on January 9, 2017, 60 days had not yet passed from the December 5, 2016 accident.

18. Plaintiff requested to see Dr. Michelle Ritter, for the first time on January 4, 2017. Plaintiff saw Dr. Ritter for an initial evaluation on January 23, 2017.

19. As of the date suit was filed, plaintiff had not submitted any written mileage reimbursement requests.

20. Plaintiff first made a request for the written reports of any employer-selected physicians on January 9, 2017.

21. At the time the written request for the reports of employer-selected physicians was submitted on January 9, 2017, no such reports were in defendant's possession.

22. Plaintiff has never requested vocational rehabilitation benefits since the date of her accident.

In her motion to continue or refer to the merits, Mitchell made the following allegations:

> Multiple significant factual issues remain unresolved, e.g., nature and extent of disability resulting from plaintiff's crushing right hand injury[;] non-reimbursement of medical travel to Dr. Luster and the physical therapist, Dr. Wheat[;] non-reimbursement of medications from the NPH-ER, Dr. Ritter and Dr. Luster[;] nonpayment of indemnity benefits[;] untimely payments of work-related medical expenses[;] plaintiff's AWW[;] penalties and attorney fees.

In her appellant brief, Mitchell goes even further, asserting that Alliance "did not argue that the factual issues set forth in her motion were, indeed, disputed[,]" nor did Alliance "oppose the recitation of the disputed factual issues in the motion to refer to the merits."

As mentioned previously, Mitchell's opposition was filed on July 3, 2018, just two days before the scheduled hearing date for Alliance's motion for summary judgment. That same afternoon, Alliance filed a pleading titled Response to

11

Plaintiff's Opposition to Motion for Summary Judgment in which it pointed out the untimeliness of Mitchell's opposition and requested that the trial court not consider the opposition given the mandate in La.Code Civ.P. art. 966(B)(2) that "Any opposition to the motion [for summary judgment] and all documents in support of the opposition *shall* be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion." (Emphasis added by Mitchell). At the start of the July 5, 2018 hearing, at which neither Mitchell nor her attorney was present, the WCJ stated on the record that because Mitchell's opposition was "clearly untimely," it would "not consider any opposition attempted to be filed" on her behalf. In light of the preceding circumstances, we again find it extremely disingenuous for Mitchell to assert that Alliance "did not oppose the recitation of the disputed factual issues in the motion to refer to the merits" and that the "WCJ was itching to grant defendant's motion for summary judgment." Suffice it to say that we, too, conclude that Mitchell's opposition to Alliance's motion for summary judgment was untimely and should not be considered.[7]

After having conducted a de novo review of the "motion, memorandum, and supporting documents" that Alliance filed in support of its motion for summary judgment, we find that Alliance overwhelmingly met its burden of proving "the absence of factual support for one or more elements essential to [Mitchell's] claim." *See* La.Code Civ.P. art. 966(D)(1). Accordingly, the burden shifted to Mitchell "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that [Alliance] was not entitled to summary judgment as a matter of law." *Id.* She failed to do so. Thus, the record summary judgment evidence indicates that Mitchell was released to work without restrictions since the day after

---

[7] We note that to the extent Mitchell asserts arguments in her appellant brief in opposition to the merits of Alliance's motion for summary judgment, we are prohibited from considering such arguments as they are not a part of the appellate record.

her December 5, 2016 injury; and that, between then and the January 9, 2017 filing of her 1008, Mitchell worked her usual pre-accident hours, earning her same pre-accident hourly wage, during which time Alliance accommodated Mitchell by allowing her to work at light duty. Accordingly, we conclude that Alliance showed the absence of any "genuine issue as to material fact," regarding Mitchell's entitlement to workers' compensation benefits, such that it was "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Hence, we find that summary judgment was properly rendered in Alliance's favor.

## DECREE

For the foregoing reasons, the judgment rendered by the WCJ in favor of Alliance Compressors and against Elaine Mitchell is affirmed. Costs of this appeal are assessed against Elaine Mitchell.

**AFFIRMED.**